IN THE MATTER OF THE ALLEGED CRIMINAL CONTEMPT
OF TOBY BOYD.

THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. TOBY BOYD, DEFENDANT-APPELLANT.

Argued December 5, 1961—Decided January 8, 1962.

*Mr. Samuel D. Bozza* argued the cause for defendant-appellant.

*Mr. Peter Murray,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. Brendan T. Byrne,* Essex County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM. Boyd was convicted of contempt of court and was sentenced to 60 days in the county penitentiary. We certified his appeal before the Appellate Division acted upon it.

Boyd was subpoenaed to testify before a grand jury investigating a shooting affray and other criminal activity from which the shooting was thought to have ensued. He refused to answer certain questions, claiming self-incrimination. He was brought before the Superior Court and ordered to answer. Upon his refusal, these proceedings were instituted and later tried before another judge.

This case is controlled by *In re Boiardo,* 34 *N. J.* 599 (1961). Here, as there, the witness rested upon the naked assertion of possible incrimination by a mere statement of the abstract proposition. He declined to state the area of possible criminal involvement, although given full opportunity to indicate the nature of the charge he allegedly feared. As we said in *Boiardo,* the witness must make that minimum disclosure, for otherwise he, rather than the court, would be the final judge of his own plea. Such disclosure could not incriminate him, and if perchance some factual material of that capacity inadvertently emerged, he would be protected against the use of it. *State v.*

*De Cola,* 33 *N. J.* 335 (1960). Boyd failed to make the required showing. Indeed, what he did say revealed affirmatively that he did not harbor the alleged fear, but rather would not tell what he knew for some other reason.

█ It is urged that Boyd was entitled to indictment and trial by jury. The issue seems not to have been raised below. At any rate the contempt was triable summarily, *i. e.,* by the court, without indictment and without a jury. *Department of Health v. Roselle,* 34 *N. J.* 331, 338–42 (1961). We need not consider whether punishment beyond that constitutionally permissible for offenses below the grade of crime may be imposed for contempt if the constitutional guarantees here sought to be invoked are not afforded.

The conviction is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.